JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Clare MacMillan-Bell

**DEFENDANTS**
Peter Kang, M.D.; AllBetterCare Urgent Care Center; Jennifer Braund, R.N., CRNP; Dickinson College; Dickinson College Student Health Services

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cumberland County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Levy, Baldante, Finney & Rubenstein, PC
1845 Walnut Street, Suite 1300, Philadelphia, PA  19103
(215) 735-1616

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | **PERSONAL INJURY** | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury - | | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Product Liability | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 367 Health Care/ | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | Pharmaceutical | ☐ 830 Patent | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Personal Injury | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Product Liability | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 368 Asbestos Personal | **LABOR** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | **PERSONAL INJURY** | Injury Product | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | Liability | Act | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 370 Other Fraud | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information |
| | Injury | ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | Act |
| | ☒ 362 Personal Injury - | Property Damage | Leave Act | | ☐ 896 Arbitration |
| | Medical Malpractice | ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 899 Administrative Procedure |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Product Liability | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act/Review or Appeal of |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 510 Motions to Vacate | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | Accommodations | Sentence | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 530 General | | | |
| | Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - | **Other:** | ☐ 462 Naturalization Application | | |
| | Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Personal Injury Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
09/30/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 155 Midland Avenue, Bronxville, NY  10708

Address of Defendant: 1175 Walnut Bottom Road, Carlisle, PA  17015

Place of Accident, Incident or Transaction: 1175 Walnut Bottom Road, Carlisle, PA  17015

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒X

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒XX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒X All other Diversity Cases
   (Please specify) Personal Injury-
   Medical Malpratice

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, John W. Baldante, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 9/30/15 _____ 38424

                               Attorney-at-Law                           Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** 9/30/15 _____ 38424

                               Attorney-at-Law                           Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Clare MacMillan-Bell                            :                    CIVIL ACTION
                                                :
          v.                                    :
                                                :
Peter Kang, M.D.;                               :                    NO.
AllBetterCare Urgent Care Center                :
et al

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (XX)


9/30/15                                                              Plaintiffs
_____        _____        _____
**Date**                   **Attorney-at-law**              **Attorney for**

215-735-1616               215-545-2642                 baldante@levybaldante.com
_____        _____        _____
**Telephone**                **FAX Number**                 **E-Mail Address**


(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARE MACMILLAN-BELL**<br>155 Midland Avenue<br>Bronxville, NY 10708<br><div align="center">Plaintiff</div><div align="center">v.</div>**PETER KANG, M.D.**<br>1175 Walnut Bottom Road<br>Carlisle, PA 17015<br>and<br>**ALLBETTERCARE URGENT CARE CENTER**<br>1175 Walnut Bottom Road<br>Carlisle, PA 17015<br>and<br>**JENNIFER BRAUND, R.N., C.R.N.P.**<br>5 N. Orange Street<br>Carlisle, PA 17013<br>and<br>**DICKINSON COLLEGE**<br>28 N. College Street<br>Carlisle, PA 17013<br>and<br>**DICKINSON COLLEGE STUDENT HEALTH SERVICES**<br>5 N. Orange Street<br>Carlisle, PA 17013<br><br><div align="center">Defendants</div> | CIVIL ACTION<br><br>DOCKET NO.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT – CIVIL ACTION

Plaintiff, Clare MacMillan-Bell, by and through her counsel, John W. Baldante, Esquire, of Levy, Baldante, Finney & Rubenstein P.C., demand entry of judgment in their favor and against defendants for the following reasons:

### JURISDICTION

1.      This action arises under 28 U.S.C. § 1332, as Plaintiff is seeking to recover an amount greater than $75,000.00 and Defendants have citizenship diverse from that of Plaintiff.

2.      Venue for this action is proper in this Court under 28 U.S.C. § 1391 as the defendants to this action are subject to the court's personal jurisdiction within the territorial limits of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.      Plaintiff, Clare MacMillan-Bell, is an adult individual residing at 155 Midland Avenue, Bronxville, NY 10708.

4.      At all times material hereto, defendant, Peter Kang, M.D., is and was a medical doctor duly licensed in the Commonwealth of Pennsylvania with a professional office located at AllBetterCare Urgent Care Center with an address of 1175 Walnut Bottom Road, Carlisle, PA 17015.

5.      At all times material hereto, defendant Peter Kang, M.D., held himself out to the public as a competent and skillful medical doctor duly licensed in the Commonwealth of Pennsylvania with a professional office located at AllBetterCare Urgent Care Center with an address of 1175 Walnut Bottom Road, Carlisle, PA 17015.

6.      At all times material hereto, specifically from on or about October 3, 2013 through October 10, 2013, defendant Peter Kang, M.D. provided emergent medical care and treatment to plaintiff, Clare MacMillan-Bell, at AllBetterCare Urgent Care Center located at 1175 Walnut Bottom Road, Carlisle, PA 17015.

7.      At all times material hereto, defendant, Peter Kang, M.D., acted either individually and/or by and through his agents (actual, apparent and/or ostensible), servants, workers and/or employees, who were acting within the course and scope of their employment and on behalf of defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center, and/or acted as employees, agents, servants and/or representatives, who were acting within the course and scope of their employment, and on behalf of defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center.

8.      At all times material hereto, Peter Kang, M.D., was the joint and several agent (actual, apparent, and/or ostensible), servant, worker, and/or employee of AllBetterCare Urgent Care Center, acting within the course and scope of his employment and/or contractual arrangement.

2

9.    Plaintiff, Clare MacMillan-Bell, is asserting a professional liability claim against defendant, Peter Kang, M.D.

10.    At all times material hereto, defendant, AllBetterCare Urgent Care Center, is and was a corporation, company, professional corporation, business entity, medical provider and/or non-profit organization registered in and/or duly organized under and existing by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1175 Walnut Bottom Road, Carlisle, PA 17015.

11.    At all times material hereto, specifically from on or about October 3, 2013 through October 10, 2013, defendant, AllBetterCare Urgent Care Center, acted by and through its agents (actual, apparent and/or ostensible), servants, workers and/or employees, who were then and there acting within the course and scope of their employment.

12.    At all times material hereto, and specifically in regard to medical services provided, recommended and/or rendered to plaintiff, Clare MacMillan-Bell, from on or about October 3, 2013 through October 10, 2013, defendant, AllBetterCare Urgent Care Center, was acting jointly and severally by and through their agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives, including but not limited to, defendant, Peter Kang, M.D., and other unidentified physicians, nurses, nurse aids, nurse practitioners, and medical providers, then and there acting within the course and scope of their employment.

13.    Plaintiff, Clare MacMillan-Bell, is asserting a professional liability claim against defendant, AllBetterCare Urgent Care Center.

14.    At all times material hereto, defendant, Jennifer Braund, R.N., C.R.N.P., is and was a registered nurse and certified registered nurse practitioner with a professional office located at Dickinson College Student Health Services at 5 N. Orange Street, Carlisle, PA 17013.

15.    At all times material hereto, defendant Jennifer Braund, R.N., C.R.N.P., held herself out to the public as a competent and skillful registered nurse and certified registered nurse practitioner duly

3

certified in the Commonwealth of Pennsylvania with a professional office located at Dickinson College

Student Health Services at 5 N. Orange Street, Carlisle, PA 17013.

16.     At all times material hereto, specifically from on or about October 3, 2013 through

October 10, 2013, defendant Jennifer Braund, R.N., C.R.N.P., provided medical care and treatment to

plaintiff, Clare MacMillan-Bell, at Dickinson College Student Health Services located at 5 N.

Orange Street, Carlisle, PA 17013.

17.     At all times material hereto, defendant Jennifer Braund, R.N., C.R.N.P. acted either

individually and/or by and through her agents (actual, apparent and/or ostensible), servants, workers

and/or employees, who were acting within the course and scope of their employment and on behalf of

defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College and Dickinson College Student Health

Services, and/or acted as employees, agents, servants and/or representatives, who were acting within the

course and scope of their employment, and on behalf of defendants, Jennifer Braund, R.N., C.R.N.P.,

Dickinson College and Dickinson College Student Health Services.

18.     At all times material hereto, defendant, Jennifer Braund, R.N., C.R.N.P., was the joint

and several agent (actual, apparent, and/or ostensible), servant, worker, and/or employee of defendants,

Dickinson College and/or Dickinson College Student Health Services., acting within the course and scope

of her employment and/or contractual arrangement.

19.     Plaintiff, Clare MacMillan-Bell, is asserting a professional liability claim against

defendant, Jennifer Braund, R.N., C.R.N.P..

20.     At all times material hereto, defendant, Dickinson College, is and was a corporation,

company, professional corporation, business entity, college and/or non-profit organization registered in

and/or duly organized under and existing by virtue of the laws of the Commonwealth of Pennsylvania,

with a principal place of business located at 28 N. College Street, Carlisle, PA 17013.

21.     At all times material hereto, specifically from on or about October 3, 2013 through

October 10, 2013, defendant, Dickinson College, acted by and through its agents (actual, apparent and/or

4

ostensible), servants, workers and/or employees, who were then and there acting within the course and scope of their employment.

22.    At all times material hereto, and specifically in regard to medical services provided, recommended and/or rendered to plaintiff, Clare MacMillan-Bell, from on or October 3, 2013 through October 10, 2013, defendant, Dickinson College, was acting jointly and severally by and through their agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives, including, but not limited to, defendants, Jennifer Braund, R.N., C.R.N.P. and Dickinson College Student Health Services, and other unidentified physicians, nurses, nurse aids, nurse practitioners, and medical providers, then and there acting within the course and scope of their employment.

23.    Plaintiff, Clare MacMillan-Bell, is asserting a professional liability claim against defendant, Dickinson College.

24.    At all times material hereto, defendant, Dickinson College Student Health Services, is and was a corporation, company, professional corporation, business entity, medical provider and/or non-profit organization registered in and/or duly organized under and existing by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 5 N. Orange Street, Carlisle, PA 17013.

25.    At all times material hereto, specifically from on or about October 3, 2013 through October 10, 2013, defendant, Dickinson College Student Health Services, acted by and through its agents (actual, apparent and/or ostensible), servants, workers and/or employees, who were then and there acting within the course and scope of their employment.

26.    At all times material hereto, and specifically in regard to medical services provided, recommended and/or rendered to plaintiff, Clare MacMillan-Bell, from on or October 3, 2013 through October 10, 2013, defendant, Dickinson College Student Health Services, was acting jointly and severally by and through their agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives, including but not limited to, defendants, Jennifer Braund, R.N., C.R.N.P. and Dickinson

5

College, and other unidentified physicians, nurses, nurse aids, nurse practitioners, and medical providers, then and there acting within the course and scope of their employment.

27.     Plaintiff, Clare MacMillan-Bell, is asserting a professional liability claim against defendant, Dickinson College Student Health Services.

28.     At all times material hereto, including, but not limited to, from on or about October 3 2013 through October 10, 2013, plaintiff, Clare MacMillan-Bell, came under the medical care and treatment of defendants, Peter Kang, M.D., AllBetterCare Urgent Care Center, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services.

## OPERATIVE FACTS

29.     On or about October 3, 2013, plaintiff, Clare MacMillan-Bell, was an eighteen (18) year old student at Dickinson College located at 28 N. Orange Street in Carlisle, Pennsylvania.

30.     On or about October 3, 2013, plaintiff, Clare MacMillan-Bell, presented to Dickinson College Student Health Services with complaints of lower abdominal pain and painful urination which had started the day prior.

31.     On or about October 3, 2013, plaintiff, Clare MacMillan-Bell, was treated by Jennifer Braund, R.N., C.R.N.P. at Dickinson College Student Health Services, who noted plaintiff Clare MacMillan-Bell to have dysuria, frequent urination, nocturia, lower abdominal pain, nausea, fever, and chills.

32.     On or about October 3, 2013, Nurse Practitioner Braund conducted a physical examination of plaintiff, Clare MacMillan-Bell, and noted minimal CVA tenderness and generalized tenderness in her lower abdomen with a slight increase in the right lower quadrant with no rebound or guarding appreciated on the abdomen.

33.     On or about October 3, 2013, Nurse Practitioner Braund performed a urine test on plaintiff, Clare MacMillan-Bell, which showed moderate leukocyte esterase. No cell counts were obtained as the urine sample did not contain enough urine to spin.

34.     On or about October 3, 2013, Nurse Practitioner Braund issued a diagnosis of plaintiff,

Clare MacMillan-Bell, of a urinary tract infection, prescribed her Ciprofloxacin for a three (3) day course, and discharged plaintiff, Clare MacMillan-Bell from the Dickinson College Student Health Services Center with directions to return as needed.

35.     On or about October 7, 2013, plaintiff, Clare MacMillan-Bell, contacted the Dickinson College Student Health Services Center via telephone saying that she still had significant abdominal and back pain, nausea, and no appetite with no improvement on Ciprofloxacin.

36.     On or about October 7, 2013, Nurse Practitioner Braund referred plaintiff, Clare MacMillan-Bell, to AllBetterCare Urgent Care Center and arranged for transportation via medical van.

37.     On or about October 7, 2013, plaintiff Clare MacMillan-Bell was transported via medical van to AllBetterCare Urgent Care Center where she was seen and treated by Peter Kang, M.D..

38.     On or about October 7, 2013, Dr. Kang listed plaintiff, Clare MacMillan-Bell's chief complaint as a persistent urinary tract infection and noted a history of increased urinary frequency, dysuria, lower back pain, a 100.3 fever, and joint aches with symptoms starting suddenly four (4) days prior.

39.     On or about October 7, 2013, Dr. Kang performed an examination, and conducted a urine dipstick test which was negative for leukocyte esterase and nitrates.

40.     On or about October 7, 2013, Dr. Kang prescribed Keflex to plaintiff, Clare MacMillan-Bell, for what he diagnosed as a persistent urinary tract infection and instructed her to follow up if her condition worsened.

41.     On or about October 10, 2013, plaintiff, Clare MacMillan-Bell, returned to AllBetterCare Urgent Care Center with continuing and worsening symptoms, including increased pain in her right lower abdomen, chills, and nausea, and was again treated by Dr. Kang.

42.     On or about October 10, 2013, Dr. Kang noted that plaintiff, Clare MacMillan-Bell, was seen three days prior at AllBetterCare Urgent Care Center for abdominal pain, back pain, and increasing urinary frequency and was treated with Ciprofloxacin and Keflex with no improvement.

43.     On or about October 10, 2013, Dr. Kang performed another examination which revealed

7

reproducible tenderness in the right lower quadrant and left lower quadrant with mild guarding in the right lower quadrant, no distension, no rebound and positive bowel sounds.

44.     On or about October 10, 2013, Dr. Kang performed a urine dipstick test which was negative for leukocyte esterase and nitrates.

45.     On or about October 10, 2013, Dr. Kang gave plaintiff, Clare MacMillan-Bell, a Diflucan tablet and referred her to an outpatient CT scan to rule out acute appendicitis.

46.     On or about October 10, 2013, Dr. Kang diagnosed plaintiff, Clare MacMillan-Bell, with lower quadrant abdominal pain, urinary tract, other specific disorders and vaginitis/vulvovaginitis unspecified.

47.     Later in the day on October 10, 2013, plaintiff, Clare MacMillan-Bell, presented to Carlisle Regional Medical Center for a CT scan of her abdomen and pelvis, which showed a perforated appendicitis with abscess formation.

48.     Immediately subsequent to the CT scan on October 10, 2013, plaintiff, Clare MacMillan-Bell, was admitted to Dr. Adam James Braze's service at Carlisle Regional Medical Center.

49.     On or about October 10, 2013, Dr. Adam James Braze conducted an abdominal examination on plaintiff, Clare MacMillan-Bell, which indicated exquisite tenderness in the right lower quadrant of the abdomen with guarding and rebound.  The impression was perforated appendicitis.

50.     On or about October 10, 2013, Dr. Adam James Braze performed an exploratory laparotomy with abdominal washout and ileocecectomy on plaintiff, Clare MacMillan-Bell.

51.     On or about October 10, 2013, after having undergone emergency surgery at Carlisle Regional Medical Center, plaintiff, Clare MacMillan-Bell's postoperative diagnosis was perforated appendicitis, as well as a mass at the base of the appendix.

52.     On or about October 14, 2013, plaintiff, Clare MacMillan-Bell, presented again to Carlisle Regional Medical Center with worsening abdominal pain.

53.     On or about October 14, 2013, A CT scan of plaintiff, Clare MacMillan-Bell, was performed which raised serious concerns for an anastomotic leak resulting from the surgery performed on

October 10, 2013.

54.     On or about October 14, 2013, plaintiff, Clare MacMillan-Bell, underwent diagnostic imaging in preparation for the surgery, which showed abnormalities in the right portal vein concerning for non-occlusive portal vein thrombosis.

55.     Subsequently on October 14, 2013, plaintiff, Clare MacMillan-Bell, underwent surgery again, this time with Dr. Christopher Sneider at Carlisle Regional Medical Center, who performed an exploratory laparotomy, washout, takedown of ileocolic anastomosis with an end ileostomy with colonic mucous fistula.

56.     Plaintiff, Clare MacMillan-Bell, remained at Carlisle Regional Medical Center until her discharge on October 28, 2013.

57.     On or about January 10, 2014, plaintiff, Clare MacMillan-Bell, underwent surgery again to reverse her ileostomy at New York University Hospital under the care of Dr. Jason Fischer.

58.     On or about January 16, 2014, plaintiff, Clare MacMillan-Bell, was discharged from New York University Hospital.

59.     On or about November 7, 2014, plaintiff, Clare MacMillan-Bell, again presented to Dickinson College's Student Health Center complaining of severe abdominal pain.

60.     On or about November 7, 2014, plaintiff, Clare MacMillan-Bell, was transported via medical van from Dickinson College Student Health Center to AllBetterCare Urgent Care Center. After examination, AllBetterCare Urgent Care Center referred plaintiff, Clare MacMillan-Bell, back to Carlisle Regional Medical Center.

61.     On or about November 7, 2014, plaintiff, Clare MacMillan-Bell, was again seen by Dr. Christopher Sneider at Carlisle Regional Medical Center/

62.     On or about November 7, 2014, a CT scan was performed on plaintiff, Clare MacMillan-Bell, which indicated an ilium blockage requiring surgery.

63.     On or about November 7, 2014, plaintiff, Clare MacMillian-Bell, was transferred from Carlisle Regional Medical Center to New York University Hospital.

64.     On November 8, 2014, Dr. Howard Ginsberg of New York University Hospital performed an exploratory laparotomy, lysis of adhesions, resection and recreation of ileocolic to correct an ileum obstruction created by a twisted bowel that occurred during one of the prior surgeries for the appendix rupture.

65.     On or about November 15, 2014, plaintiff, Clare MacMillan-Bell, was discharged from New York University Hospital.

66.     At all times material hereto, defendants, Peter Kang, M.D., AllBetterCare Urgent Care Center, Jennifer Braund, R.N., C.R.N.P., Dickinson College and Dickinson College Student Health Services, misdiagnosed plaintiff, Clare MacMillan-Bell's, medical condition.

67.     At all times material hereto, defendants, Peter Kang, M.D., AllBetterCare Urgent Care Center, Jennifer Braund, R.N., C.R.N.P., Dickinson College and Dickinson College Student Health Services, delayed diagnoses of plaintiff, Clare MacMillan-Bell's acute appendicitis.

68.     At all times material hereto, it was the duty of defendants Peter Kang, M.D., AllBetterCare Urgent Care Center, Jennifer Braund, R.N., C.R.N.P., Dickinson College and Dickinson College Student Health Services, failed to exercise reasonable care and skills usually required by nurses, nurse practitioners, doctors, and medical providers specializing in internal medicine and emergency medicine under similar circumstances and in similar places in making all diagnoses, and/or diagnostic tests and/or treatment with regard to plaintiff, Clare MacMillan-Bell.

69.     At all times material hereto, defendants Peter Kang, M.D., AllBetterCare Urgent Care Center, Jennifer Braund, R.N., C.R.N.P., Dickinson College and Dickinson College Student Health Services, had a duty to discover and report plaintiff, Clare MacMillan-Bell's suspicious symptoms of appendicitis and recommend immediate further studies to detect plaintiff, Clare MacMillan-Bell's acute appendicitis.

70.     At all times material hereto, plaintiff, Clare MacMillan-Bell, underwent all physical exams, reviews, and radiological exams, diagnostic exams, and treatment at or under the care of

defendants, Peter Kang, M.D., AllBetterCare Urgent Care Center, Jennifer Braund, R.N., C.R.N.P.,

Dickinson College and Dickinson College Student Health Services..

71.     At all times material hereto, defendants, Peter Kang, M.D., AllBetterCare Urgent Care

Center, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health

Services had a duty to not increase plaintiff, Clare MacMillan-Bell's risk of harm.

### COUNT I – NEGLIGENCE
### PLAINTIFF, CLARE MACMILLAN-BELL vs. PETER KANG, M.D. and
### ALLBETTERCARE URGENT CARE CENTER

72.     Plaintiff, Clare MacMillan-Bell, incorporates herein by reference paragraphs one (1)

through seventy-one (71), inclusive, and sets forth same as though said paragraphs were herein provided

in full.

73.     As a direct and proximate result of the negligent delay in diagnosis by defendants, Peter

Kang, M.D., and AllBetterCare Urgent Care Center, of plaintiff, Clare MacMillan-Bell's acute

appendicitis progressed to an advanced stage and her risk of harm, injury, and/or death substantially

increased.

74.     At all times material hereto, the conduct or lack thereof of the defendants, Peter Kang,

M.D. and AllBetterCare Urgent Care Center, in the care and treatment of plaintiff, Clare MacMillan-Bell,

was negligent, careless, and/or unlawful.

75.     At all times material hereto, the negligence, carelessness, and/or unlawfulness of

defendant, Peter Kang, M.D., by and through his employees, agents (actual, apparent, and/or ostensible),

and/or servants, including but not limited to defendants, AllBetterCare Urgent Care Center, consisted of

the following:

(a)     failing to exercise due care in the diagnosis, care, and treatment of plaintiff,
plaintiff, Clare MacMillan-Bell's condition;

(b)     failing to properly, fully, and adequately treat plaintiff, Clare MacMillan-Bell,
based on her symptomology;

(c)     failing to properly interpret plaintiff, Clare MacMillan-Bell's history, symptoms,
physical examination and urine tests;

11

(d)     failing to recommend an additional MRI, CT scan or other diagnostic film when necessary for further evaluation;

(e)     failing to properly, fully, and adequately screen or treat plaintiff, Clare MacMillan-Bell, for acute appendicitis;

(f)     failing to diagnose plaintiff, Clare MacMillan-Bell's acute appendicitis in a timely manner;

(g)     failing to accurately, adequately and/or timely examine for, test for, treat and/or diagnose acute appendicitis;

(h)     failing to render reasonable, proper and appropriate diagnostic imaging care to plaintiff, Clare MacMillan-Bell;

(i)     improperly delaying the diagnosis of plaintiff, Clare MacMillan-Bell;

(j)     improperly delaying the appropriate medical care of plaintiff, Clare MacMillan-Bell;

(k)     failing to suggest further studies and/or testing of plaintiff, Clare MacMillan-Bell;

(l)     failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition which she suffered;

(m)     failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition or conditions which were present;

(n)     failing to employ the skill and care required of physician specializing in the field of emergency medicine;

(o)     failing to take the appropriate and necessary steps to reduce the risk of the progression of plaintiff's condition;

(p)     misdiagnosing plaintiff's acute appendicitis;

(q)     failing to intervene medically or surgically in a timely manner;

(r)     improperly delaying timely and appropriate care of plaintiff, Clare MacMillan-Bell, including a CT scan, MRI and/or other imaging studies.

(s)     failing to take the appropriate and necessary steps to reduce the risk of the progression of plaintiff's condition;

(t)     failing to supervise, monitor, review and/or correct medical care provided by agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives;

(u)     failing to follow rules, regulations, policies, protocols and/or guidelines to properly consider, diagnose, and/or treat plaintiff's acute appendicitis;

(v)     failing to follow rules, regulations, policies, protocols and/or guidelines for ordering, conducting, recommending and/or interpreting diagnostic studies; and/or

(w)     failing to follow rules, regulations, policies, protocols, and/or guidelines regarding the proper work-up, diagnosis, and/or treatment of plaintiff, Clare MacMillan-Bell's acute appendicitis.

76.     By virtue of contractual arrangement, relationship and/or the employment of defendants, Peter Kang, M.D., and their employees, agents (actual, apparent, and/or ostensible), and/or servants, defendant, AllBetterCare Urgent Care Center, is negligent by way of the negligence of defendant, Peter Kang, M.D., under the theory(ies) of respondeat superior and/or agency (actual, apparent and/or ostensible).

77.     As a direct and proximate result of the joint and several negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, was caused to suffer and/or was placed at an increased risk for suffering and did suffer, *inter alia*, a perforated appendicitis, purulent abdominal abscess, ileostomy surgical removal requiring placement of an ileostomy bag, post-surgical anastomotic leak of the ileostomy, twisted ilium and blockage of the ilium requiring surgical repair, severe disfiguring abdominal scars, anemia, diarrhea, nutritional deficits, GERDS, impaired fertility, infertility treatments, maternity risks and maternity risk management, damage and/or scarring to her fallopian tubes, tubal obstruction, hydrosalpinx and distortion of the tubo-ovarian relationship, need for further hospitalizations, testing, surgeries, treatment, pain and other injuries and harm to her person, severe physical pain and suffering, mental pain and suffering, discomfort, disability, distress, inconvenience, mental anguish, disfigurement, permanent scarring, emotional distress, psychological suffering, loss of well-being, humiliation, economic loss and loss of life's pleasures, which conditions were caused, rendered more likely by virtue of increased risks, precipitated, aggravated, exacerbated and complicated by the defendants' joint and several conduct and resulted in severe injuries

13

to his person, including, but not limited to the delay of diagnosis, misdiagnosis, and progression of acute appendicitis.

78.     As a direct and proximate result of the joint and several negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, was caused to suffer and/or was placed at an increased risk for suffering and did suffer, *inter alia*, acute appendicitis, significant disfiguring scars to her abdomen, anemia, diarrhea, nutritional deficits, GERDS, need for further hospitalizations, testing, surgeries, treatment, pain and other injuries and harm to her person which injuries were caused, precipitated, aggravated, exacerbated, and complicated by the defendants' conduct, as aforesaid.

79.     As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center plaintiff, Clare MacMillan-Bell, was caused to suffer severe and serious injuries about her person, great physical and/or emotional pain, distress, suffering, embarrassment, humiliation, disfigurement, impairment, decreased strength, trauma, and a shock to her nerves and nervous system, any and all of which are or may be permanent in nature.

80.     As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center plaintiff, Clare MacMillan-Bell, has and may and probably will in the future continue to be hindered from attending to normal and usual daily activities, duties, functions and occupations, all to her great damage and loss.

81.     As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, has and may and probably will in the future suffer great inconvenience, humiliation, physical pain, disfigurement, and/or psychological pain and has been and may and will in the future be deprived of life's pleasures.

82.     As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, has been and may and probably will in the future be forced to expend various sums of money for medicine, medical modalities, rehabilitation, surgery, infertility treatment, maternity risk management, and medical

14

treatment in and about endeavoring to treat and cure herself of her injuries and disabilities, all to his great detriment and loss.

83. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, did and/or may suffer damage to her fallopian tubes, tubal obstruction, hydrosalpinx and distortion of the tubo-ovarian relationship, and infertility, all to her great detriment and loss.

84. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, did and/or may suffer an increased risk of ectopic pregnancy and maternal mortality.

85. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center , plaintiff, Clare MacMillan-Bell, has been and may into the future be unable to attend to her responsibilities and employment and did and may and/or probably will in the future suffer a partial and/or total impairment of her earning power and capacity, all to her great detriment and loss.

**COUNT II – NEGLIGENCE**
**PLAINTIFF, CLARE MACMILLAN-BELL vs. JENNIFER BRAUND, R.N., C.R.N.P.,**
**DICKINSON COLLEGE and DICKINSON COLLEGE STUDENT HEALTH SERVICES**

86. Plaintiff, Clare MacMillan-Bell, incorporates herein by reference paragraphs one (1) through eighty-five (85), inclusive, and sets forth same as though said paragraphs were herein provided in full.

87. As a direct and proximate result of the negligent delay in diagnosis by defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell's acute appendicitis progressed to an advanced stage and her risk of harm, injury, and/or death substantially increased.

88. At all times material hereto, the conduct or lack thereof of the defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services in the care and treatment of plaintiff, Clare MacMillan-Bell was negligent, careless, and/or unlawful.

15

89.    At all times material hereto, the negligence, carelessness, and/or unlawfulness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, Dickinson College Student Health Services, and their employees, agents (actual, apparent, and/or ostensible), and/or servants, consisted of the following:

(a)    failing to exercise due care in the diagnosis, care, and treatment of plaintiff, Clare MacMillan-Bell's condition;

(b)    failing to properly, fully, and adequately treat plaintiff, Clare MacMillan-Bell's condition;

(c)    failing to properly interpret plaintiff, Clare MacMillan-Bell's history, symptoms, urine tests, and physical examinations;

(d)    failing to recommend an additional MRI, CT scan or other diagnostic film when necessary for further evaluation;

(e)    failing to properly, fully, and adequately screen or treat plaintiff, Clare MacMillan-Bell, for acute appendicitis;

(f)    failing to diagnose plaintiff, Clare MacMillan-Bell's acute appendicitis in a timely manner;

(g)    failing to accurately, adequately and/or timely examine for, test for, treat and/or diagnose acute appendicitis;

(h)    failing to render reasonable, proper and appropriate screening care to plaintiff, Clare MacMillan-Bell;

(i)    improperly delaying the diagnosis of plaintiff, Clare MacMillan-Bell;

(j)    improperly delaying the appropriate medical care of plaintiff, Clare MacMillan-Bell;

(k)    failing to suggest further studies and/or testing of plaintiff, Clare MacMillan-Bell;

(l)    failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition which she suffered;

(m)    failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition or conditions which were present;

(n)    failing to employ the skill and care required of a nurse, nurse practitioner, physician, and/or medical provider specializing in the field of internal medicine;

16

(o)   failing to employ the skill and care required of a nurse, nurse practitioner, physician, and/or medical provider specializing in the field of emergency medicine;

(p)   failing to take the appropriate and necessary steps to reduce the risk of the progression of plaintiff's condition;

(q)   misdiagnosing plaintiff's acute appendicitis;

(r)   failing to intervene medically or surgically in a timely manner;

(s)   improperly delaying timely and appropriate care of plaintiff, Clare MacMillan-Bell's acute appendicitis, including a CT Scan, MRI and/or other imaging studies in a timely manner;

(t)   failing to supervise, monitor, review and/or correct medical care provided by agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives;

(u)   failing to follow rules, regulations, policies, protocols and/or guidelines to properly consider, diagnose, and/or treat plaintiff's acute appendicitis;

(v)   failing to follow rules, regulations, policies, protocols and/or guidelines for ordering, conducting, recommending and/or interpreting diagnostic studies; and/or

(w)   failing to follow rules, regulations, policies, protocols, and/or guidelines regarding the proper work-up, diagnosis, and/or treatment of plaintiff, Clare MacMillan-Bell's acute appendicitis.

90.   At all times material hereto, the negligence, carelessness, and/or unlawfulness of defendant, Jennifer Braund, R.N., C.R.N.P. and her employees, agents (actual, apparent, and/or ostensible), and/or servants, consisted of the following:

(a)   failing to exercise due care in the diagnosis, care, and treatment of plaintiff, plaintiff, Clare MacMillan-Bell's condition;

(b)   failing to properly, fully, and adequately treat plaintiff, Clare MacMillan-Bell's condition;

(c)   failing to properly interpret plaintiff, Clare MacMillan-Bell's history, symptoms, urine tests, and physical examinations;

(d)   failing to recommend an additional MRI, CT scan or other diagnostic film when necessary for further evaluation;

(e)   failing to properly, fully, and adequately screen or treat plaintiff, Clare MacMillan-Bell's, for acute appendicitis;

17

(f)     failing to diagnose plaintiff, Clare MacMillan-Bell's acute appendicitis in a timely manner;

(g)     failing to accurately, adequately and/or timely examine for, test for, treat and/or diagnose acute appendicitis;

(h)     failing to render reasonable, proper and appropriate screening care to plaintiff, Clare MacMillan-Bell;

(i)     improperly delaying the diagnosis of plaintiff, Clare MacMillan-Bell;

(j)     improperly delaying the appropriate medical care of plaintiff, Clare MacMillan-Bell;

(k)     failing to suggest further studies and/or testing of plaintiff, Clare MacMillan-Bell;

(l)     failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition which she suffered;

(m)     failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition or conditions which were present;

(n)     failing to employ the skill and care required of a nurse practitioner and/or medical provider specializing in the field of internal medicine;

(o)     failing to employ the skill and care required of a nurse practitioner and/or medical provider specializing in the field of emergency medicine;

(p)     failing to take the appropriate and necessary steps to reduce the risk of the progression of plaintiff's condition;

(q)     misdiagnosing plaintiff's acute appendicitis;

(r)     failing to intervene medically or surgically in a timely manner;

(s)     improperly delaying timely and appropriate care of plaintiff, Clare MacMillan-Bell's acute appendicitis, including a CT Scan, MRI and/or other imaging studies in a timely manner;

(t)     failing to take the appropriate and necessary steps to reduce the risk of the progression of plaintiff's condition;

(u)     failing to supervise, monitor, review and/or correct medical care provided by agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives;

(v)     failing to follow rules, regulations, policies, protocols and/or guidelines to properly consider, diagnose, and/or treat plaintiff's acute appendicitis;

(w)     failing to follow rules, regulations, policies, protocols and/or guidelines for ordering, conducting, recommending and/or interpreting diagnostic studies; and/or

(x)     failing to follow rules, regulations, policies, protocols, and/or guidelines regarding the proper work-up, diagnosis, and/or treatment of plaintiff, Clare MacMillan-Bell's acute appendicitis.

91.     By virtue of contractual arrangement, relationship and/or the employment of defendants, Jennifer Braund, R.N., C.R.N.P., and their employees, agents (actual, apparent, and/or ostensible), and/or servants, defendants, Dickinson College and Dickinson College Student Health Services are negligent by way of the negligence of defendant, Jennifer Braund, R.N., C.R.N.P., under the theory(ies) of respondeat superior and/or agency (actual, apparent and/or ostensible).

92.     As a direct and proximate result of the joint and several negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College,  and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, was caused to suffer and/or was placed at an increased risk for suffering and did suffer, *inter alia*, a perforated appendicitis, purulent abdominal abscess, ileostomy surgical removal requiring placement of an ileostomy bag, post-surgical anastomotic leak of the ileostomy,  twisted ilium and blockage of the ilium requiring surgical repair, severe disfiguring abdominal scars, anemia, diarrhea, nutritional deficits, GERDS, impaired fertility, infertility treatments, maternity risks and maternity risk management, damage and/or scarring to her fallopian tubes, tubal obstruction, hydrosalpinx and distortion of the tubo-ovarian relationship, need for further hospitalizations, testing, surgeries, treatment, pain and other injuries and harm to her person, severe physical pain and suffering, mental pain and suffering, discomfort, disability, distress, inconvenience, mental anguish, disfigurement, permanent scarring, emotional distress, psychological suffering, loss of well-being, humiliation, economic loss and loss of life's pleasures, which conditions were caused, rendered more likely by virtue of increased risks, precipitated, aggravated, exacerbated and complicated by the defendants' joint and several conduct and resulted in severe injuries to his person, including, but not limited to the delay of diagnosis, misdiagnosis, and  progression of acute appendicitis.

93.     As a direct and proximate result of the joint and several negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, was caused to suffer and/or was placed at an increased risk for suffering and did suffer, *inter alia*, acute appendicitis, significant disfiguring scars to her abdomen, anemia, diarrhea, nutritional deficits, GERDS, need for further hospitalizations, testing, surgeries, treatment, pain and other injuries and harm to her person which injuries were caused, precipitated, aggravated, exacerbated, and complicated by the defendants' conduct, as aforesaid.

94.     As a direct and proximate result of the negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, was caused to suffer severe and serious injuries about her person, great physical and/or emotional pain, distress, suffering, embarrassment, humiliation, disfigurement, impairment, decreased strength, trauma, and a shock to her nerves and nervous system, any and all of which are or may be permanent in nature.

95.     As a direct and proximate result of the negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, has and may and probably will in the future continue to be hindered from attending to normal and usual daily activities, duties, functions and occupations, all to her great damage and loss.

96.     As a direct and proximate result of the negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, has and may and probably will in the future suffer great inconvenience, humiliation, physical pain, disfigurement, and/or psychological pain and has been and may and will in the future be deprived of life's pleasures.

97.     As a direct and proximate result of the negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, has been and may and probably will in the future be forced to expend

20

various sums of money for medicine, medical modalities, rehabilitation, surgery, infertility treatment, maternity risk management, and medical treatment in and about endeavoring to treat and cure herself of her injuries and disabilities, all to his great detriment and loss.

98.     As a direct and proximate result of the negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, did and/or may suffer damage to her fallopian tubes, tubal obstruction, hydrosalpinx and distortion of the tubo-ovarian relationship, and infertility, all to her great detriment and loss.

99.     As a direct and proximate result of the negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, did and/or may suffer an increased risk of ectopic pregnancy and maternal mortality.

100.     As a direct and proximate result of the negligence and/or carelessness of defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, and Dickinson College Student Health Services, plaintiff, Clare MacMillan-Bell, has been and may into the future be unable to attend to her responsibilities and employment and did and may and/or probably will in the future suffer a partial and/or total impairment of her earning power and capacity, all to her great detriment and loss.

**WHEREFORE**, plaintiff, Clare MacMillan-Bell, demands judgment against the defendants, Jennifer Braund, R.N., C.R.N.P., Dickinson College, Dickinson College Student Health Services, Peter Kang, M.D., and AllBetterCare Urgent Care Center, individually, jointly, severally and/or in the alternative, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

LEVY, BALDANTE, FINNEY & RUBENSTEIN P.C.

By:_____/s/ John W. Baldante_____
          JOHN W. BALDANTE, ESQUIRE
          **Levy, Baldante, Finney, & Rubenstein P.C.**
          1845 Walnut Street, 13th Floor
          Philadelphia, PA 19103
          (215) 735-1616
          baldante@levybaldante.com

          *Counsel for Plaintiff*

Date:    September 30, 2015

22