## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **CLARE MACMILLAN-BELL**<br>155 Midland Avenue<br>Bronxville, NY 10708<br>　　　　　Plaintiff<br>　　　v.<br><br>**PETER KANG, M.D.**<br>1175 Walnut Bottom Road<br>Carlisle, PA 17015<br>and<br>**ALLBETTERCARE URGENT CARE CENTER**<br>1175 Walnut Bottom Road<br>Carlisle, PA 17015<br><br>　　　　　Defendants | CIVIL ACTION<br><br>DOCKET NO. 15-2463<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S AMENDED COMPLAINT – CIVIL ACTION

Plaintiff, Clare MacMillan-Bell, by and through her counsel, John W. Baldante, Esquire, of Levy, Baldante, Finney & Rubenstein P.C., demand entry of judgment in their favor and against defendants for the following reasons:

### JURISDICTION

1.　　This action arises under 28 U.S.C. § 1332, as Plaintiff is seeking to recover an amount greater than $75,000.00 and Defendants have citizenship diverse from that of Plaintiff.

2.　　Venue for this action is proper in this Court under 28 U.S.C. § 1391 as the defendants to this action are subject to the court's personal jurisdiction within the territorial limits of the United States District Court for the Middle District of Pennsylvania.

### PARTIES

3.　　Plaintiff, Clare MacMillan-Bell, is an adult individual residing at 155 Midland Avenue, Bronxville, NY  10708.

4. At all times material hereto, defendant, Peter Kang, M.D., is and was a medical doctor duly licensed in the Commonwealth of Pennsylvania with a professional office located at AllBetterCare Urgent Care Center with an address of 1175 Walnut Bottom Road, Carlisle, PA 17015.

5. At all times material hereto, defendant Peter Kang, M.D., held himself out to the public as a competent and skillful medical doctor duly licensed in the Commonwealth of Pennsylvania with a professional office located at AllBetterCare Urgent Care Center with an address of 1175 Walnut Bottom Road, Carlisle, PA 17015.

6. At all times material hereto, specifically from on or about October 3, 2013 through October 10, 2013, defendant Peter Kang, M.D. provided emergent medical care and treatment to plaintiff, Clare MacMillan-Bell, at AllBetterCare Urgent Care Center located at 1175 Walnut Bottom Road, Carlisle, PA 17015.

7. At all times material hereto, defendant, Peter Kang, M.D., acted either individually and/or by and through his agents (actual, apparent and/or ostensible), servants, workers and/or employees, who were acting within the course and scope of their employment and on behalf of defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center, and/or acted as employees, agents, servants and/or representatives, who were acting within the course and scope of their employment, and on behalf of defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center.

8. At all times material hereto, Peter Kang, M.D., was the joint and several agent (actual, apparent, and/or ostensible), servant, worker, and/or employee of AllBetterCare Urgent Care Center, acting within the course and scope of his employment and/or contractual arrangement.

9. Plaintiff, Clare MacMillan-Bell, is asserting a professional liability claim against defendant, Peter Kang, M.D.

10. At all times material hereto, defendant, AllBetterCare Urgent Care Center, is and was a corporation, company, professional corporation, business entity, medical provider and/or non-profit organization registered in and/or duly organized under and existing by virtue of the laws of the

Commonwealth of Pennsylvania, with a principal place of business located at 1175 Walnut Bottom Road, Carlisle, PA 17015.

11. At all times material hereto, specifically from on or about October 3, 2013 through October 10, 2013, defendant, AllBetterCare Urgent Care Center, acted by and through its agents (actual, apparent and/or ostensible), servants, workers and/or employees, who were then and there acting within the course and scope of their employment.

12. At all times material hereto, and specifically in regard to medical services provided, recommended and/or rendered to plaintiff, Clare MacMillan-Bell, from on or about October 3, 2013 through October 10, 2013, defendant, AllBetterCare Urgent Care Center, was acting jointly and severally by and through their agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives, including but not limited to, defendant, Peter Kang, M.D., and other unidentified physicians, nurses, nurse aids, nurse practitioners, and medical providers, then and there acting within the course and scope of their employment.

13. Plaintiff, Clare MacMillan-Bell, is asserting a professional liability claim against defendant, AllBetterCare Urgent Care Center.

14. At all times material hereto, including, but not limited to, from on or about October 3 2013 through October 10, 2013, plaintiff, Clare MacMillan-Bell, came under the medical care and treatment of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center.

## OPERATIVE FACTS

15. On or about October 3, 2013, plaintiff, Clare MacMillan-Bell, was an eighteen (18) year old student at Dickinson College located at 28 N. Orange Street in Carlisle, Pennsylvania.

16. On or about October 3, 2013, plaintiff, Clare MacMillan-Bell, presented to Dickinson College Student Health Services with complaints of lower abdominal pain and painful urination which had started the day prior.

17. On or about October 3, 2013, plaintiff, Clare MacMillan-Bell, was noted to have dysuria, frequent urination, nocturia, lower abdominal pain, nausea, fever, and chills.

18. On or about October 3, 2013, plaintiff, Clare MacMillan-Bell, was diagnosed with a urinary tract infection and prescribed Ciprofloxacin for a three (3) day course.

19. On or about October 7, 2013, plaintiff, Clare MacMillan-Bell, contacted the Dickinson College Student Health Services Center via telephone saying that she still had significant abdominal and back pain, nausea, and no appetite with no improvement on Ciprofloxacin.

20. On or about October 7, 2013, plaintiff, Clare MacMillan-Bell was transported via medical van to AllBetterCare Urgent Care Center where she was seen and treated by Peter Kang, M.D..

21. On or about October 7, 2013, Dr. Kang listed plaintiff, Clare MacMillan-Bell's chief complaint as a persistent urinary tract infection and noted a history of increased urinary frequency, dysuria, lower back pain, a 100.3 fever, and joint aches with symptoms starting suddenly four (4) days prior.

22. On or about October 7, 2013, Dr. Kang performed an examination, and conducted a urine dipstick test which was negative for leukocyte esterase and nitrates.

23. On or about October 7, 2013, Dr. Kang prescribed Keflex to plaintiff, Clare MacMillan-Bell, for what he diagnosed as a persistent urinary tract infection and instructed her to follow up if her condition worsened.

24. On or about October 10, 2013, plaintiff, Clare MacMillan-Bell, returned to AllBetterCare Urgent Care Center with continuing and worsening symptoms, including increased pain in her right lower abdomen, chills, and nausea, and was again treated by Dr. Kang.

25. On or about October 10, 2013, Dr. Kang noted that plaintiff, Clare MacMillan-Bell, was seen three days prior at AllBetterCare Urgent Care Center for abdominal pain, back pain, and increasing urinary frequency and was treated with Ciprofloxacin and Keflex with no improvement.

26. On or about October 10, 2013, Dr. Kang performed another examination which revealed reproducible tenderness in the right lower quadrant and left lower quadrant with mild guarding in the right lower quadrant, no distension, no rebound and positive bowel sounds.

27. On or about October 10, 2013, Dr. Kang performed a urine dipstick test which was negative for leukocyte esterase and nitrates.

28. On or about October 10, 2013, Dr. Kang gave plaintiff, Clare MacMillan-Bell, a Diflucan tablet and referred her to an outpatient CT scan to rule out acute appendicitis.

29. On or about October 10, 2013, Dr. Kang diagnosed plaintiff, Clare MacMillan-Bell, with lower quadrant abdominal pain, urinary tract, other specific disorders and vaginitis/vulvovaginitis unspecified.

30. Later in the day on October 10, 2013, plaintiff, Clare MacMillan-Bell, presented to Carlisle Regional Medical Center for a CT scan of her abdomen and pelvis, which showed a perforated appendicitis with abscess formation.

31. Immediately subsequent to the CT scan on October 10, 2013, plaintiff, Clare MacMillan-Bell, was admitted to Dr. Adam James Braze's service at Carlisle Regional Medical Center.

32. On or about October 10, 2013, Dr. Adam James Braze conducted an abdominal examination on plaintiff, Clare MacMillan-Bell, which indicated exquisite tenderness in the right lower quadrant of the abdomen with guarding and rebound. The impression was perforated appendicitis.

33. On or about October 10, 2013, Dr. Adam James Braze performed an exploratory laparotomy with abdominal washout and ileocecectomy on plaintiff, Clare MacMillan-Bell.

34. On or about October 10, 2013, after having undergone emergency surgery at Carlisle Regional Medical Center, plaintiff, Clare MacMillan-Bell's postoperative diagnosis was perforated appendicitis, as well as a mass at the base of the appendix.

35. On or about October 14, 2013, plaintiff, Clare MacMillan-Bell, presented again to Carlisle Regional Medical Center with worsening abdominal pain.

36. On or about October 14, 2013, A CT scan of plaintiff, Clare MacMillan-Bell, was performed which raised serious concerns for an anastomotic leak resulting from the surgery performed on October 10, 2013.

37. On or about October 14, 2013, plaintiff, Clare MacMillan-Bell, underwent diagnostic imaging in preparation for the surgery, which showed abnormalities in the right portal vein concerning for non-occlusive portal vein thrombosis.

38. Subsequently on October 14, 2013, plaintiff, Clare MacMillan-Bell, underwent surgery again, this time with Dr. Christopher Sneider at Carlisle Regional Medical Center, who performed an exploratory laparotomy, washout, takedown of ileocolic anastomosis with an end ileostomy with colonic mucous fistula.

39. Plaintiff, Clare MacMillan-Bell, remained at Carlisle Regional Medical Center until her discharge on October 28, 2013.

40. On or about January 10, 2014, plaintiff, Clare MacMillan-Bell, underwent surgery again to reverse her ileostomy at New York University Hospital under the care of Dr. Jason Fischer.

41. On or about January 16, 2014, plaintiff, Clare MacMillan-Bell, was discharged from New York University Hospital.

42. On or about November 7, 2014, plaintiff, Clare MacMillan-Bell, again presented to Dickinson College's Student Health Center complaining of severe abdominal pain.

43. On or about November 7, 2014, plaintiff, Clare MacMillan-Bell, was transported via medical van from Dickinson College Student Health Center to AllBetterCare Urgent Care Center. After examination, AllBetterCare Urgent Care Center referred plaintiff, Clare MacMillan-Bell, back to Carlisle Regional Medical Center.

44. On or about November 7, 2014, plaintiff, Clare MacMillan-Bell, was again seen by Dr. Christopher Sneider at Carlisle Regional Medical Center.

45. On or about November 7, 2014, a CT scan was performed on plaintiff, Clare MacMillan-Bell, which indicated an ilium blockage requiring surgery.

46. On or about November 7, 2014, plaintiff, Clare MacMillian-Bell, was transferred from Carlisle Regional Medical Center to New York University Hospital.

47. On November 8, 2014, Dr. Howard Ginsberg of New York University Hospital performed an exploratory laparotomy, lysis of adhesions, resection and recreation of ileocolic to correct an ileum obstruction created by a twisted bowel that occurred during one of the prior surgeries for the appendix rupture.

48. On or about November 15, 2014, plaintiff, Clare MacMillan-Bell, was discharged from New York University Hospital.

49. At all times material hereto, defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center, misdiagnosed plaintiff, Clare MacMillan-Bell's, medical condition.

50. At all times material hereto, defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center, delayed diagnoses of plaintiff, Clare MacMillan-Bell's acute appendicitis.

51. At all times material hereto, it was the duty of defendants Peter Kang, M.D. and AllBetterCare Urgent Care Center, to exercise reasonable care and skills usually required by doctors and medical providers specializing in internal medicine and emergency medicine under similar circumstances and in similar places in making all diagnoses, and/or diagnostic tests and/or treatment with regard to plaintiff, Clare MacMillan-Bell.

52. At all times material hereto, defendants Peter Kang, M.D. and AllBetterCare Urgent Care Center, had a duty to discover and report plaintiff, Clare MacMillan-Bell's suspicious symptoms of appendicitis and recommend immediate further studies to detect plaintiff, Clare MacMillan-Bell's acute appendicitis.

53. At all times material hereto, plaintiff, Clare MacMillan-Bell, underwent all physical exams, reviews, and radiological exams, diagnostic exams, and treatment at or under the care of defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center.

54. At all times material hereto, defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center, had a duty to not increase plaintiff, Clare MacMillan-Bell's risk of harm.

### COUNT I – NEGLIGENCE
### PLAINTIFF, CLARE MACMILLAN-BELL vs. PETER KANG, M.D. and ALLBETTERCARE URGENT CARE CENTER

55. Plaintiff, Clare MacMillan-Bell, incorporates herein by reference the above prior paragraphs, inclusive, and sets forth same as though said paragraphs were herein provided in full.

56. As a direct and proximate result of the negligent delay in diagnosis by defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, of plaintiff, Clare MacMillan-Bell's acute appendicitis progressed to an advanced stage and her risk of harm, injury, and/or death substantially increased.

57. At all times material hereto, the conduct or lack thereof of the defendants, Peter Kang, M.D. and AllBetterCare Urgent Care Center, in the care and treatment of plaintiff, Clare MacMillan-Bell, was negligent, careless, and/or unlawful.

58. At all times material hereto, the negligence, carelessness, and/or unlawfulness of defendant, Peter Kang, M.D., by and through his employees, agents (actual, apparent, and/or ostensible), and/or servants, including but not limited to defendants, AllBetterCare Urgent Care Center, consisted of the following:

    (a) failing to exercise due care in the diagnosis, care, and treatment of plaintiff, plaintiff, Clare MacMillan-Bell's condition;

    (b) failing to properly, fully, and adequately treat plaintiff, Clare MacMillan-Bell, based on her symptomology;

    (c) failing to properly interpret plaintiff, Clare MacMillan-Bell's history, symptoms, physical examination and urine tests;

    (d) failing to recommend an additional MRI, CT scan or other diagnostic film when necessary for further evaluation;

    (e) failing to properly, fully, and adequately screen or treat plaintiff, Clare MacMillan-Bell, for acute appendicitis;

    (f) failing to diagnose plaintiff, Clare MacMillan-Bell's acute appendicitis in a timely manner;

(g) failing to accurately, adequately and/or timely examine for, test for, treat and/or diagnose acute appendicitis;

(h) failing to render reasonable, proper and appropriate diagnostic imaging care to plaintiff, Clare MacMillan-Bell;

(i) improperly delaying the diagnosis of plaintiff, Clare MacMillan-Bell;

(j) improperly delaying the appropriate medical care of plaintiff, Clare MacMillan-Bell;

(k) failing to suggest further studies and/or testing of plaintiff, Clare MacMillan-Bell;

(l) failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition which she suffered;

(m) failing to properly advise and warn plaintiff, Clare MacMillan-Bell, of the condition or conditions which were present;

(n) failing to employ the skill and care required of physician specializing in the field of emergency medicine;

(o) failing to take the appropriate and necessary steps to reduce the risk of the progression of plaintiff's condition;

(p) misdiagnosing plaintiff's acute appendicitis;

(q) failing to intervene medically or surgically in a timely manner;

(r) improperly delaying timely and appropriate care of plaintiff, Clare MacMillan-Bell, including a CT scan, MRI and/or other imaging studies.

(s) failing to take the appropriate and necessary steps to reduce the risk of the progression of plaintiff's condition;

(t) failing to supervise, monitor, review and/or correct medical care provided by agents (actual, apparent, and/or ostensible), servants, workers, employees and/or representatives;

(u) failing to follow rules, regulations, policies, protocols and/or guidelines to properly consider, diagnose, and/or treat plaintiff's acute appendicitis;

(v) failing to follow rules, regulations, policies, protocols and/or guidelines for ordering, conducting, recommending and/or interpreting diagnostic studies; and/or

(w) failing to follow rules, regulations, policies, protocols, and/or guidelines regarding the proper work-up, diagnosis, and/or treatment of plaintiff, Clare MacMillan-Bell's acute appendicitis.

59. By virtue of contractual arrangement, relationship and/or the employment of defendants, Peter Kang, M.D., and their employees, agents (actual, apparent, and/or ostensible), and/or servants, defendant, AllBetterCare Urgent Care Center, is negligent by way of the negligence of defendant, Peter Kang, M.D., under the theory(ies) of respondeat superior and/or agency (actual, apparent and/or ostensible).

60. As a direct and proximate result of the joint and several negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, was caused to suffer and/or was placed at an increased risk for suffering and did suffer, *inter alia*, a perforated appendicitis, purulent abdominal abscess, ileostomy surgical removal requiring placement of an ileostomy bag, post-surgical anastomotic leak of the ileostomy, twisted ilium and blockage of the ilium requiring surgical repair, severe disfiguring abdominal scars, anemia, diarrhea, nutritional deficits, GERDS, impaired fertility, infertility treatments, maternity risks and maternity risk management, damage and/or scarring to her fallopian tubes, tubal obstruction, hydrosalpinx and distortion of the tubo-ovarian relationship, need for further hospitalizations, testing, surgeries, treatment, pain and other injuries and harm to her person, severe physical pain and suffering, mental pain and suffering, discomfort, disability, distress, inconvenience, mental anguish, disfigurement, permanent scarring, emotional distress, psychological suffering, loss of well-being, humiliation, economic loss and loss of life's pleasures, which conditions were caused, rendered more likely by virtue of increased risks, precipitated, aggravated, exacerbated and complicated by the defendants' joint and several conduct and resulted in severe injuries to his person, including, but not limited to the delay of diagnosis, misdiagnosis, and progression of acute appendicitis.

61. As a direct and proximate result of the joint and several negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, was caused to suffer and/or was placed at an increased risk for suffering and did suffer, *inter alia*, acute appendicitis, significant disfiguring scars to her abdomen, anemia, diarrhea, nutritional deficits, GERDS, need for further hospitalizations, testing, surgeries, treatment, pain and other injuries and harm to her

person which injuries were caused, precipitated, aggravated, exacerbated, and complicated by the defendants' conduct, as aforesaid.

62. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center plaintiff, Clare MacMillan-Bell, was caused to suffer severe and serious injuries about her person, great physical and/or emotional pain, distress, suffering, embarrassment, humiliation, disfigurement, impairment, decreased strength, trauma, and a shock to her nerves and nervous system, any and all of which are or may be permanent in nature.

63. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center plaintiff, Clare MacMillan-Bell, has and may and probably will in the future continue to be hindered from attending to normal and usual daily activities, duties, functions and occupations, all to her great damage and loss.

64. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, has and may and probably will in the future suffer great inconvenience, humiliation, physical pain, disfigurement, and/or psychological pain and has been and may and will in the future be deprived of life's pleasures.

65. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, has been and may and probably will in the future be forced to expend various sums of money for medicine, medical modalities, rehabilitation, surgery, infertility treatment, maternity risk management, and medical treatment in and about endeavoring to treat and cure herself of her injuries and disabilities, all to his great detriment and loss.

66. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, did and/or may suffer damage to her fallopian tubes, tubal obstruction, hydrosalpinx and distortion of the tubo-ovarian relationship, and infertility, all to her great detriment and loss.

67. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, did and/or may suffer an increased risk of ectopic pregnancy and maternal mortality.

68. As a direct and proximate result of the negligence and/or carelessness of defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, plaintiff, Clare MacMillan-Bell, has been and may into the future be unable to attend to her responsibilities and employment and did and may and/or probably will in the future suffer a partial and/or total impairment of her earning power and capacity, all to her great detriment and loss.

**WHEREFORE**, plaintiff, Clare MacMillan-Bell, demands judgment against the defendants, Peter Kang, M.D., and AllBetterCare Urgent Care Center, individually, jointly, severally and/or in the alternative, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

**LEVY, BALDANTE, FINNEY & RUBENSTEIN P.C.**

By: /s/ John W. Baldante
JOHN W. BALDANTE, ESQUIRE
**Levy, Baldante, Finney, & Rubenstein P.C.**
1845 Walnut Street, 13th Floor
Philadelphia, PA 19103
(215) 735-1616
baldante@levybaldante.com

*Counsel for Plaintiff*

Date:   December 28, 2015