# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARE MacMILLAN-BELL,** | : | Civil No. 1:15-CV-2463 |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PETER KANG, M.D., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

On September 7, 2016, the Court convened a telephone conference with the parties to address several disputes that have arisen with respect to discovery requests that the defendants propounded upon the plaintiff.

During this conference the defendants argued that the plaintiff should be compelled to produce additional information with respect to her food diary; additional information from the plaintiff and her parents regarding the existence of the cell phones that they previously owned and may have used to take pictures and to communicate with their daughter after October 2013; and a copy of the plaintiff's application for an internship that she secured with a New York law firm this summer, nearly three years after the incidents that gave rise to the claims in this case.  In addition, the defendant has propounded a subpoena on Verizon Wireless, the phone company used by the plaintiff and her family under a single

plan, seeking a broad array of billing and phone usage information, including text messaging and phone calls, dating back to October 2013 – a scope of discovery that the plaintiff argued was vastly overbroad and irrelevant to the issues in this case. Lastly, the defendant requested that the Court strike certain language that the plaintiff used in her discovery responses – language that the defendant insisted was inappropriate and unwarranted.

The Court considered the parties' detailed submissions in support of their motions, and addressed each of these matters with counsel during the course of a productive conversation in which counsel were largely in agreement regarding the Court's proposed resolution of the disputes. Having informed the parties of the Court's rulings during the telephone conference, and consistent with those instructions, IT IS HEREBY ORDERED THAT the defendant's motion to compel (Doc. 38.) and the plaintiff's motion for a protective order (Doc. 40.) are GRANTED in part and DENIED in part as follows:

1. The parties have agreed that the plaintiff has produced her food diary to the defendants. Accordingly, the motion to compel is DENIED with respect to this discovery, subject to the plaintiff's ongoing obligation to supplement her production as may be necessary.

2. The defendants' request to have the Court strike certain language used in the plaintiff's discovery responses is DENIED.

3. The defendant's request to compel production of the plaintiff's application for her summer 2016 internship is DENIED.

4.     To address the defendants' concerns regarding the existence of the plaintiff's and her parents' former cell phones, or for information that may have been contained on those phones, within 30 days from the date of this Order, the plaintiff and her parents shall certify whether or not they have the phones in their possession.

5.     Also within 30 days of the date of this Order, the plaintiff and her parents shall certify that they have searched for and produced responsive photographs and text messaging information that they have in their possession which fall within the temporal and topical limitations previously agreed to by the parties.

6.     Lastly, with respect to the third-party subpoena served on Verizon Wireless, IT IS HEREBY ORDERED THAT the subpoena shall be limited to the plaintiff's own cell phone records dating from October 1, 2013, through October 31, 2013, and to the cell phone records of the plaintiff's mother from October 2, 2013, through October 10, 2013.  IT IS FURTHER ORDERED THAT Verizon shall produce this information directly to the plaintiff's counsel, who will then review the information and make redactions before producing any relevant and responsive phone information to defendants' counsel.

So ordered this 7th day of September, 2016.

                                        */s/  Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge